UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:22-CV-10056-ADB

_____
                                                          )
S.B., for themselves and on behalf of A.M.,   )
            Plaintiff,                                       )
                                                          )
v.                                                        )
                                                          )
BUREAU OF SPECIAL EDUCATION APPEALS )
CONCORD PUBLIC SCHOOLS            )
            Defendants.                                  )
_____)

**DEFENDANT CONCORD PUBLIC SCHOOL'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

**I.   INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendant, Concord Public Schools (hereinafter "Defendant") hereby files a motion to dismiss Counts II, III and IV of the Plaintiff's amended complaint. Defendant moves this Court to dismiss Plaintiff's claims against them, specifically those included as Count II, Count III, and Count IV for failure to state a claim upon which relief can be granted, including but not limited to no private right of action under and based on the applicable statute of limitations. The Defendant also seeks to dismiss S.B., who is pro-se, as she cannot represent her minor child in federal court, in accordance with federal court local rules.

**II.   FACTS**

Plaintiff S.B.'s amended complaint seeks judicial review of the Bureau of Special Education Appeals ("BSEA") decision dismissing all claims. She alleged at the BSEA hearing

that the Defendant violated her minor child's rights under the ADA, Section 504, Title VI, and IDEA, due to the District's decision to not enroll her son, A.M. in Concord Public Schools in 2013 through the METCO program. In ECF No. 41, the Plaintiff's Amended Complaint, raises new allegations that were not raised originally at the BSEA, specifically that Defendant violated Plaintiff's due process right (Count II), M.G.L. c.93 Section 102, Article 12 of the Declaration of Rights (Count III) and breach of contract and Executive Order 11246 (Count IV).

### III.  STATEMENT OF FACTS

In September 2013, Plaintiff sought to have her minor child, A.M., enrolled in Concord Public Schools through the Metropolitan Council for Educational Opportunity (METCO) program[1]. (AR 197-199.) A.M. was never enrolled in Concord Public Schools. (Id.)

On June 28, 2021, Plaintiff filed a Hearing Request with the BSEA, alleging that the District violated M.G.L. c 76 § 16 when it "wrongfully excluded my son and refused to enroll him in violation as of June 28, 2019, when Concord Public Schools admitted proper and timely knowledge, which would have concluded that my son was properly eligible for enrollment into the Concord Public Schools." (AR 4-7) Parent's Hearing Request claimed denial of a free and appropriate public education (FAPE) in violation of the Individuals with Disabilities Education Act ("IDEA"), as well as violations of Section 504 of the Rehabilitation Act of 1973 ("Section 504"), M.G.L. c. 76 § 16, the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), and 42 U.S.C. § 1983, resulting from Concord's denial of Student's enrollment into its METCO program in 2014. (Id.)

On July 12, 2021, Concord Public Schools filed a Motion to Dismiss the claims before the BSEA. (AR 30.) On September 14, 2021, the BSEA Hearing Officer held a motion hearing on

---

[1] All citations are to the Plaintiff's Amended Complaint and the Administrative Record ("AR").

Concord's Motion to Dismiss. (AR 233.) On October 18, 2021, the BSEA Hearing Officer granted Concord's Motion to Dismiss Parent's Hearing Request with prejudice on all FAPE based claims which are untimely. (AR 196-211.)[2]

## IV.     ARGUMENT

### A. Standard of Review for Motion To Dismiss.

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc*. 199 F.3d 68, 68 (1st Cir. 2000).  To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must include sufficient factual detail to make the plaintiff's claim for relief plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court is not required to accept mere legal conclusions as true.  *Id.* , *A.G. ex rel. Maddox v. Elsevier, Inc.,* 732 F.3d 77, 80 (1st Cir. 2013) "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).  First, the court must separate the complaint's factual allegations, which must be accepted as true, from its conclusory legal allegations, which are not entitled to the presumption of truth.  Plaintiff has not met this standard for Count II, Count III, or Count IV of her Complaint.[3]

### B. The Plaintiff S.B., a Non-Attorney Parent is Prohibited From Representing Her Son In Federal Court and the Child Cannot Appear Pro-Se

Local Rule 83.5.5(b), of the US. District Court for the District of Massachusetts (amended June 17, 2022) states:

---

[2] The BSEA did note that Parent may proceed to a forum with pertinent jurisdiction for any viable non-FAPE related claims, she may have.
[3] Furthermore, if this court dismisses all federal claims, it should decline to exercise jurisdiction over any remaining state law claims.

3

> An individual appearing pro-se may not represent any other party and may not authorize any other individual who is not a member of the bar of this District to appear on his or her behalf.

28 U.S.C. § 1654 prohibits unlicensed people from representing other individuals. It is well established that the federal courts have held that "The rule even bars a non-lawyer parent from representing his or her child." *Hootstein v. Amherst-Pelham Regional School Committee*, 361 F. Supp. 3d 94, 101 (D. Mass. 2019), *Vaidya v. Kijakazi*, 2022 WL 1670240 (a retired attorney cannot represent her sister)(Oct. 4, 2022).  Likewise, in *R.M. v. Duxbury Public Schools*, See Case 1:21-cv-11164-NMG, ECF 20 (Magistrate Kelley Report and Recommendation) accepted by Judge Gorton (Dec. 10, 2021), ECF. 21, parent cannot represent child)

The First Circuit has interpreted Section 1654 as forbidding pro se litigants from representing any party but themselves.  See, e.g., Crippa v. Johnston, 976 F.2d 724 (1st Cir. 1992) (per curiam) (citing Section 1654 in stating that "although appellant and her children were represented by counsel below, appellant is appearing pro se on appeal. As a result, she may not represent her children in this appeal."); *Ethan H. v. State of New Hampshire*, 968 F.2d 1210 (1st Cir. 1992) (per curiam) ("We now hold that Dr. Judith Horsley, acting pro se, may not represent her son in this [civil rights] appeal."), See *N.S. et al. v. Dobson and Worcester Public Schools* Civil Action No. 22-cv-40015, ECF No. 66 (Hennessy, J.)(Jan. 26, 2023)(attached as Exhibit 1) (dismissing claim as non-attorney parent appearing either as guardian ad litem, next friends or parents of a minor plaintiff cannot represent one's minor child pro-se in federal court)

The Plaintiff, who is not an attorney, cannot represent her minor son in federal court.  A Massachusetts Superior Court in a related action filed by the same Plaintiff on behalf of her son, issued a similar ruling on this exact issue.  A Superior Court judge, Justice Leighton similarly held that S.B. cannot represent the interests of her son A. *Doe minor child of S. Doe vs. Jessica Murphy,*

4

*Concord Public Schools et al*. Superior Court C.A. No. 1784CV01642, Docket No. 115 (Sept. 15, 2020) (appointing separate counsel for minor as "pro-se parent [S.B.] who is not licensed to practice law, may not represent the interests of her minor child [A.M.]")(attached as Exhibit 1). Therefore, the Plaintiff should be dismissed from this case.

Likewise, the minor child cannot bring an action on their own without legal representation. See Hootstein v. Amheerst-Pelham Regional School Committee, 361 F. Supp. 3d 94, 102 (D. Mass. 2019) ("the choice to appear pro se is not a true choice for minors under state law…cannot determine their own legal actions." The U.S. District Court in *Hootstein v. Amherst-Pelham Regional School Committee,* determined a custodial grandparent who was not an attorney could not represent their grandchild. The court held that "children are denied access to our legal system if their guardians are not attorneys, cannot afford counsel or cannot find an attorney willing to take a case on a contingency." 361 F. Supp.3d 94, 102. Therefore, absent this Court appointing legal representation to the minor, this action cannot proceed. See Rule 17.2(c)(2)

C. **Count II of the Amended Complaint Was Not Raised at the BSEA hearing and Is Not Timely.**

The Plaintiff alleges a violation of the Due Process Clause of the U.S. Constitution but fails to allege sufficient facts to plead a viable claim. Amended Complaint ¶¶5, 20.

First, any FAPE based claims should have been raised with the BSEA and Plaintiffs have failed to exhaust administrative remedies. See *Frazier v. Fairhaven School Committee,* 276 F.3d 52 (1st Cir. 2002). The BSEA Hearing Officer noted that Parent's claim "probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirements is all that explains why only a child in the school setting …has a viable claim. *Fry v. Napoleon Public Schools*, 137 S. Ct. 743, 756 (2017). Therefore, to the extent the violation of the US Constitution is a FAPE based claim, the Plaintiff failed to exhaust administrative remedies and raise it at the BSEA.

Notwithstanding this, Plaintiff alleges a violation of due process but has failed to allege sufficient allegations in support of this purported constitutional claim. The Plaintiff has not articulated what due process right was violated nor what state or federal law or regulation was allegedly violated. It is undisputed that the BSEA Hearing Officer held a hearing on the District's motion to dismiss after the Plaintiff filed her opposition. See Plaintiff's Complaint ¶20, AR 105-106. Moreover, both parties had an opportunity to submit any evidence they wanted to be included in support of their respective motions. AR 233-277 See BSEA Hearing Rules, Section VI.3 (" If a hearing on a motion is warranted, a Hearing Officer shall give all parties at least three (3) calendar days' notice of the time and place for hearing."). The fact that the Parents motion to exhibits was "after the closure of the Motion Session" does not constitute a denial of any due process rights. AR 196  For any or all of these reasons, Count II should be dismissed.[4]

D. **Plaintiff Has Failed to State a Viable Claim for Violation of the Massachusetts Equal Rights Act and the Massachusetts Declaration of Rights.**

The Plaintiff raises a new claim in Count III, for violation of M.G.L. c.93 Section 102 and Article 12 of the Declaration of Rights.

First the Plaintiff's claim under the Massachusetts Equal Rights Act, M.G.L. c.93 Section 102 is time barred based on the three-year statute of limitations. Under Massachusetts law, "[a]ctions arising on account of violations of any law intended for the protection of civil rights ... shall be commenced only within three years next after the cause of action accrues." Mass. Gen. Laws ch. 260, § 5B. The statute of limitations for such claims "begins running once a plaintiff

---

[4] In the alternative, the matter should be remanded back to the BSEA, which is the administrative agency with expertise to enforce its own hearing rules. See *Philbin v. BSEA,* 2010 WL 1172424, at *6 (D. Mass. Jan. 6, 2010)(remanded case to BSEA for not complying with its Hearing Rules)

knows or has reason to know of the alleged wrongful acts." *Arsenault v. Otto*, Civil Action No. 21-40122-TSH, 2022 WL 4329395, at *2 (D. Mass. Sept. 19, 2022)

Second, Plaintiff has failed to state a claim upon which relief can be granted under M.G.L. c.93 Section 102. This statute states in part:

> All persons within the commonwealth, regardless of sex, race, color, creed or national origin, shall have, except as is otherwise provided or permitted by law, the same rights enjoyed by white male citizens to **make and enforce contracts, to inherit, purchase, to lease, sell, hold and convey real and personal property,** to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (emphasis added)

Even assuming arguendo this claim was timely, there is no contract or conveyance of property between the Defendant Concord Public Schools and the Plaintiffs. See *Doe v. Dennis-Yarmouth Reg'l Sch. Dist.*, 578 F. Supp. 3d 164, 182 (D. Mass. 2022) (dismissing Plaintiff's claim for violation of MERA as the student's IEP does not constitute a contract with the District). For these reasons, Count III should be dismissed.

### E. **Plaintiff's Claim for Breach of Contract Should Be Dismissed.**

Plaintiff raises a new claim in Count IV for "breach of contract, provisions of the OFCCP and Executive Order 11246." The Plaintiff's complaint alleges Plaintiff has "breached the promises made to the government of the U.S.A." (including but not limited to the provisions of the OFCCP and E.O. 11246) of which promises and pledges, the plaintiffs are intended beneficiaries." Plaintiff's Amended Complaint ¶24.

I will address each part of Count IV separately, as the Plaintiff appears to roll multiple causes of action into a single count, none of which are timely filed or confer a private right of action. First, the breach of contract claim is time barred based on the six-year statute of limitations. A breach of contract claim has a six-year statute of limitations, and any alleged cause of action

arose well over six years ago around 2013-2014. See M.G.L. c.260, §2 (six year statute of limitations for breach of contract claim), *Sharma v. Terranova,* 2021 WL 4824116 (1st Cir. 20221)(dismissing breach of contract claim as time-barred).

Second, even if this claim was timely, the Plaintiff has the burden of demonstrating that "(1) an agreement was made between the plaintiffs and the defendant supported by valid consideration; (2) the plaintiffs have been ready, willing and able to perform; (3) the defendant's breach has prevented them from performing; and (4) the plaintiffs have suffered damage." *Singarella v. City of Boston*, 342 Mass. 385, 387 (1961) (internal citations omitted).  The Plaintiff has failed to state a claim upon which relief can be granted, as there is no contract or agreement between Concord Public Schools and the parent on behalf of student and no consideration. Therefore, Plaintiff has failed to satisfy the first essential element of the prima facie case of breach of contract.

Thirdly, there is no private right of action against a federal agency, the Office of Federal Contract Compliance Programs (OFCCP) which enforces Executive Order 11246.  As a general rule, "there is no private right of action to enforce obligations imposed on executive branch officials by executive orders." *Facchiano Constr. Co. v. United States Dep't of Labor,* 987 F.2d 206, 210 (3d Cir.), cert. denied, 510 U.S. 822, (1993), See *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1338 (4th Cir. 1995)  See *Riggs v. Boeing Co.*, No. 98-2091-JWL, 1999 WL 233285, at *1 (D. Kan. Mar. 4, 1999)(collecting cases holding that Executive Order does not provide a private right of action).

Moreover, even if there were a private right of action, Plaintiff has not articulated how the Defendant violated this Executive Order which does not apply to school districts, only federal contractors.  This Executive Order as summarized on the federal government's website "requires

affirmative action and prohibits federal contractors from discriminating on the basis of race, color, religion, sex, sexual orientation, gender identity, or national origin." In summary, all claims set forth under Count IV (breach of contract, OFFCCP and Executive Order, 11246) should be dismissed. Moreover, to the extent the Plaintiff is alleging a violation by a federal agency, she has failed to join them as a party to this action. For any or all of these reasons, Count IV should be dismissed.

V.  **Conclusion**

The Plaintiff S.B., who is pro se, is prohibited under the local federal rules from representing A.M., a minor, in federal court and should be dismissed as a party. The Defendant requests that this Court dismiss Counts II, III and IV of the Plaintiff's amended complaint for failure to state a claim upon which relief can be granted and they are all well beyond the statute of limitations.

Respectfully submitted,
CONCORD PUBLIC SCHOOLS
By its Attorneys,

/s/ Joshua R. Coleman
Joshua Coleman (BBO #661105)
Marianne Peters (BBO #703811)
MURPHY, LAMERE & MURPHY, P.C.
50 Braintree Hill Office Park, Suite 202
Braintree, MA 02184-8807
(781) 848-1850
jcoleman@mlmlawfirm.com

Dated:  June 1, 2023             mpeters@mlmlawfirm.com

## **CERTIFICATE OF SERVICE**

      I, Joshua R. Coleman, hereby certify that, on June 1, 2023, a true and accurate copy of the foregoing motion was filed and served electronically on all parties via this Court's ECF service portal and by first class mail to Plaintiff.

                                              /s/ Joshua R. Coleman
                                              Joshua R. Coleman, BBO #661105