# EXHIBIT No.1

NOTIFY

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                CIVIL ACTION NO. 17-01642

A. DOE, minor child of S. DOE, & another[1]

vs.

JESSICA MURPHY[2] & others[3]

### MEMORANDUM OF DECISION AND ORDER OF APPOINTMENT OF GUARDIAN AD LITEM FOR PLAINTIFF, A. DOE

The Plaintiffs S. Doe, individually and on behalf of her son, A. Doe, initiated the instant action by alleging that the Concord School District (the "District") denied A. Doe's application to attend kindergarten during the 2014-2015 school year through the METCO program because of A. Doe's disability. S. Doe has prosecuted the claims *pro se* against Jessica Murphy, the District's Director of Special Education, Aaron Joncas, the District's METCO Director, and Diana Frost Rigby, the District's former Superintendent[4] (collectively, the "Defendants"), alleging that each violated several federal and state statutes and are otherwise liable to the Plaintiffs in tort.

On or around October 22, 2018, the court allowed in part and denied in part the Defendants' motion to dismiss. See paper # 51, Memorandum of Decision and Order on

---

[1] S. Doe as parent of minor child A. Doe

[2] Director of Special Education, Concord Public Schools in her Individual and Official Capacity

[3] Aaron Joncas, METCO Director, Town of Concord, in his Individual and Official Capacity; and Diana Frost Rigby, Superintendent, Concord Public Schools, in her Individual and Official Capacity.

[4] To the extent that claims are raised against Defendant Rigby in her official capacity, the Defendants also bring their motion on behalf of her successor, Laurie Hunter. See Mass. R. Civ. P. 25(d).

Defendants' Motion to Dismiss. The Defendants' motion was denied as to the Plaintiffs' claim for intentional infliction of emotional distress (Seventh Claim for Relief). The motion was allowed in all other respects. Subsequent to that decision, the court allowed S. Doe to file an amended complaint to make clear that she was asserting a claim for intentional infliction of emotional distress on behalf of herself as well as her son.

On July 17, 2020, the defendants filed a motion seeking the appointment of a guardian *ad litem* to protect the interests of the minor child, A. Doe, alleging for the first time that S.Doe lacks standing to represent her son.

A *pro se* parent, who is not licensed to practice law, may not represent the interests of her minor child. See, *Bogosian v. RI Airport Corp.*, 2017, C.A. No. 14-080-ML (D.R.I. Apr. 27, 2017). See also, *Li v. Rizzo*, 801 N.W. 2d. 351 at 361-362 (Iowa App. Ct. 2011) ("[W]e "join an overwhelming majority of jurisdictions . . . hold[ing] that a non-attorney parent must be represented by counsel in bringing an action on behalf of a child." *Chisholm*, 948 P.2d at 709; see also *Elustra*, 595 F.3d at 705 ("To our knowledge, no comparable exception [allowing a parent to represent their child] has ever been recognized for a lawsuit based on . . . general state tort law."); *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("[W]e hold that [father], a nonlawyer appearing pro se, was not entitled to play the role of attorney for his children in federal court."); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed[eral] R[ule] [of] Civ[il] Pro[cedure] 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."); *Chambers*, 980 So. 2d at 1015 (holding "nonattorney parents of the child . . . may not represent the child in her action against the defendants"); *Byers-Watts*, 18 P.3d at 1269 ("We hold that a non-attorney parent or like fiduciary must be represented by an attorney to maintain a

lawsuit on behalf of a child."); *J.W., 22 Cal. Rptr. 2d at 532* (concluding neither common law nor guardianship statute allowed non-attorney parent to litigate child's claim); *Blue*, 585 N.E.2d at 626 (stating non-attorney father was "at most the 'next friend' of the minor plaintiff" and concluding father could not represent the child); *Goodwin*, 762 N.W.2d at 627 (holding non-attorney parent may not personally litigate child's negligence claim)").

In light of the above, but recognizing that A. Doe has an active claim against the defendants, I hereby appoint M. Donna Mandriota, Esq. as Guardian Ad Litem ("GAL") for A. Doe pursuant to Mass. R. Civ. P. 17(b). Once she has reviewed the pleadings, motions and decisions on the docket of this matter and met with S. Doe and A. Doe, the GAL shall coordinate with the clerk in this session to schedule a hearing to report her findings and recommendations regarding A. Doe's interests and rights and the appropriate next steps to take on behalf of A Doe.

The cost of the GAL shall be paid by the court, see, paper 69 (impounded), subject to reimbursement from any settlement or award A. Doe may receive in this litigation.

Dated: September 11, 2020

Joseph F. Leighton, Jr.
Associate Justice of the Superior Court Justice