UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| S. B., *for themselves and on behalf of* A. M,<br><br>    Plaintiffs,<br><br>v.<br><br>BUREAU OF SPECIAL EDUCATION APPEALS, et al.,<br><br>    Defendants. | Civil Action No. 22-10056-ADB |

<u>ORDER</u>

BURROUGHS, D.J.

Plaintiff S.B. has filed an *ex parte* motion for appointment of counsel for herself and her minor child, A.M. [ECF #54]. For the reasons set forth below, the Court DENIES the motion.

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, *see DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). With some narrow exceptions not factually relevant here, the Court is not allocated funds to pay attorneys to represent plaintiffs in civil cases, and it can be very difficult for the Court to find attorneys who will donate their time to represent litigants on *pro bono* basis.

The appointment of *pro bono* counsel in a non-habeas civil action is only required where a party is indigent and exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See DesRosiers*, 949 F.2d at 23. To determine whether appointment of counsel is required, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent themself. *See id.* at 24.

Upon review of the amended complaint, motion to dismiss, and Plaintiffs' opposition to the motion to dismiss, the Court concludes that, at this stage of the litigation, exceptional circumstances requiring the appointment of counsel do not exist.

Accordingly, the motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| September 12, 2023 | /s/ Allison D. Burroughs |
| DATE | UNITED STATES DISTRICT JUDGE |